# UNITED STATES DISTRICT COURT
for the
Northern District of Ohio

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| Maurice Hardman | ) Case No. 1:23-cr-00462-BYP-4 | |
| *Defendant* | ) | |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☑ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
☐ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):
  ☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**
  ☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**
  ☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**
  ☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**
  ☐ **(e)** any felony that is not otherwise a crime of violence but involves:
    **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**
☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**
☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**
☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

❒ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

    ❒ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

    ❒ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

    ❒ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

    ❒ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

    ❒ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

❒ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

    ❒ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis. *(Part III need not be completed.)*

    **OR**

    ❒ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

## Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

❒ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☑ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

    ☑ Weight of evidence against the defendant is strong
    ☑ Subject to lengthy period of incarceration if convicted
    ❒ Prior criminal history
    ❒ Participation in criminal activity while on probation, parole, or supervision
    ❒ History of violence or use of weapons
    ☑ History of alcohol or substance abuse
    ☑ Lack of stable employment
    ❒ Lack of stable residence
    ❒ Lack of financially responsible sureties

- ❐ Lack of significant community or family ties to this district
- ❐ Significant family or other ties outside the United States
- ❐ Lack of legal status in the United States
- ❐ Subject to removal or deportation after serving any period of incarceration
- ❐ Prior failure to appear in court as ordered
- ☑ Prior attempt(s) to evade law enforcement
- ❐ Use of alias(es) or false documents
- ❐ Background information unknown or unverified
- ❐ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

(1) Nature and circumstances of offense (18 U.S.C. 3142(g)(1)): The defendant is charged with conspiracy to possess a machinegun, conspiracy to deal in firearms without a federal firearms license, and illegal possession of a machinegun, all dangerous offences. As part of the conspiracy, the defendant allegedly sold one firearm with a machine gun conversion switch and one that was purported to have a switch. A witness also testified that the defendant was present when a co-conspirator sold a firearm involved in two shootings and a firearm that was reported stolen, and further testified that the defendant arrived at a gun sale in a stolen truck and later sold the truck to an undercover agent. Testimony further established that authorities attempted to arrest the defendant on the present charges in August 2023, but he jumped from a second story window to escape capture. His warrant was delegated to the U.S. Marshals, who were finally able to arrest him in February 2024. When authorities approached the defendant's residence, they saw blinds moving and doors opening, suggesting the defendant may have been evaluating whether he could again flee. Although residents were not initially cooperative, the defendant ultimately surrendered. This factor suggests a risk of flight, and weighs in favor of detention.

(2) Weight of evidence (18 U.S.C. 3142(g)(2)): The defendant is alleged to have possessed and sold dangerous and illegal firearms, and to have successfully fled arrest and avoided capture for nearly six months. This factor weighs in favor of detention.

(3) History and characteristics of defendant (18 U.S.C. 3142(g)(3)): The defendant is 20 years old, has a high school education, and is a lifelong Cleveland resident. He lives with his mother, his 2-year-old son, and his siblings; his mother has custody of his son. He also has a 1-month-old daughter who lives with her mother. He reports working in an under-the-table landscaping job for two months. He admitted occasional use of marijuana. His mother supports him financially and personally attended his detention hearing. However, the defendant fled authorities from his mother's home in August 2023, and was ultimately arrested in her home in February 2024; testimony indicates residents in the home were not initially cooperative with authorities seeking his arrest in February 2024. The defendant has no known criminal history. This factor is neutral on the issue of detention.

4) Nature and seriousness of danger to any person or community that would be posed by defendant's release (18 U.S.C. 3142(g)(4)): The defendant allegedly possessed a machinegun conversion switch and a firearm, participated in the charged firearm conspiracy, fled from authorities seeking to arrest him on the present charges, and ultimately avoided capture for nearly six months. Given the dangerous weapons involved in the underlying charges and the defendant's significant actions in opposition to authorities acting on a valid arrest warrant, in order to avoid facing responsibility for these charges, this factor weighs in favor of detention.

For the reasons stated above, the Court finds the government has met its burden to establish by a preponderance of the evidence that no condition or combination of conditions that will reasonably assure the defendant's appearance in the case.

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant must be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: 03/19/2024                                                                s/Amanda M. Knapp
                                                                                              United States Magistrate Judge